IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laura K. Addison, ) | C/A No.: 3:14-1732-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Patrick R. Donahue, Postmaster ) | |
| General; and United States Postal ) | |
| Service, Capitol Metro Area Agency, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The sole issue in this Report and Recommendation is whether Laura K. Addison ("Plaintiff") should be required to pay the filing fee, or whether her financial condition justifies waiver of the payment. Plaintiff has commenced this action alleging illegal removal from her job and the failure of her employer to provide back pay upon reinstatement. [Entry #1 at 3]. All pretrial proceedings in this matter were referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the undersigned recommends that the district judge deny Plaintiff's request for indigent status.

I.     Procedural Background

Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs (Form AO-240). [Entry #3]. In the Form AO-240, Plaintiff states that she earns between $2,086 to $2,386 (net) every two weeks, and has $1,500 in a bank account. *Id.* at 1. Plaintiff indicates that she has the following regular monthly expenses: $1,450 for mortgage, $23 for cable, $40 for cell phone, $110 for insurance, $250 for electricity, and

$250 for gas. *Id.* Plaintiff does not list any dependents and has the following debts or financial obligations: $400 in consumer debts, $140 car payment, and $100 in taxes. *Id.*

II.    Discussion

Grants or denials of applications to proceed in forma pauperis are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). However, there is no clear precedent in the Fourth Circuit concerning a magistrate judge's authority to issue an order denying an application to proceed in forma pauperis.[1] The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed in forma pauperis. *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990). Specifically, the *Woods* court ruled that a denial of an application to proceed in forma pauperis by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *Id.* at 187. The Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004). Therefore, the undersigned submits a Report and Recommendation to preserve Plaintiff's opportunity to obtain *de novo* review by a district judge on objections.

---

[1] The Fourth Circuit has held that, absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a plaintiff's motion to proceed in forma pauperis is in the district court. *Gent v. Radford Univ.*, No. 99-1431, 1999 WL 503537, at *1 (4th Cir. July 16, 1999). However, the court did not specify the standard of review. *Id.*

A litigant is not required to show that she is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337–44 (1948). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D. Tex. 1976), the court enunciated three legal tests used to determine whether a person should proceed in forma pauperis under 28 U.S.C. § 1915:

> (1) Is the litigant barred from the federal courts by the reason of her "impecunity"?
>
> (2) Is her access to the courts blocked by the imposition of an undue hardship?
>
> (3) Is the litigant forced to contribute her last dollar, or render herself destitute, to prosecute her claim?

*Id.* at 943; s*ee also Murray v. Gossett*, C/A No. 3:13-2552-CMC-SVH, 2013 WL 5670907, at *2 (D.S.C. Oct. 17, 2013) (adopting and incorporating Report and Recommendation).

Upon review of the information before the court, and mindful of the tests set forth in *Carter*, it does not appear that Plaintiff would be rendered destitute by paying the filing fee of $400 (including a $50 administrative fee), nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block Plaintiff's access to the courts. *See Carter*, 452 F. Supp. at 942 (holding plaintiff was not indigent

3

because he had the right to collect a judgment of $5,486.76); *see also Ali v. Cuyler*, 547 F. Supp. 129 (E.D. Pa. 1982) (finding $450.00 in savings sufficient to allow the plaintiff to pay the filing fee of $60.00 without foregoing basic human needs). Therefore, the undersigned recommends that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs be denied.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge deny Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. [Entry #3]. If the district judge accepts this recommendation, it is further recommended that Plaintiff be allowed fourteen days, from the date of the order denying indigent status, to submit the required filing fee.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 20, 2014                                        Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).