IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laura K. Addison,<br><br>                        Plaintiff,<br><br>vs.<br><br>Patrick R. Donahue, Postmaster General; and United States,<br><br>                        Defendants. | C/A No. 3:14-1732-JFA-SVH<br><br><br>ORDER |

The *pro se* plaintiff, Laura K. Addison, brings this action alleging that she was illegally removed from her job and that her employer failed to provide back pay upon her reinstatement. She has filed an application to proceed in this court without prepaying fees or costs.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the plaintiff's motion to proceed *in forma pauperis* should be denied. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of her right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Recommendation and she filed timely objections thereto. The court will address the objections herein.

As the Magistrate Judge properly notes, this court has discretion to grant or deny an application for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a); *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). The Magistrate Judge has carefully reviewed the matter under *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D. Tex. 1976) and finds that by paying the $450 filing fee, the plaintiff would not be rendered destitute, nor would an undue hardship be imposed or block plaintiff's access to the court.

In her objections to the Report, plaintiff contends that her litigation was commenced due to financial hardship brought about by the defendant's alleged illegal actions in this case. Plaintiff also indicates that she has now become aware of additional federal and state taxes she must pay as a result of withdrawals from her retirement account. Plaintiff notes that she is not necessarily destitute, however, she avers that her financial obligations are very important and she has managed to keep herself from being completely destitute.

A review of the plaintiff's application to proceed *in forma pauperis* reveals that she nets $4,000 or more each month; has approximately $2,300 per month in expenses; has $1,500 in a savings account; and owes $400 in consumer debt. In her objections, plaintiff indicates that she has a retirement account which she has withdrawn from to pay state and federal taxes. Notably, plaintiff's retirement account is not listed as an asset on her application to proceed *in forma pauperis*.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court adopts and incorporates the Report herein by reference. Accordingly, plaintiff's motion to proceed in forma pauperis (ECF No. 3) is respectfully denied.

The Clerk is directed to refer this action back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

September 3, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge