IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Laura K. Addison, ) | C/A No.: 3:14-1732-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Megan J. Brennan, Postmaster General, ) | |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Laura K. Addison ("Plaintiff"), proceeding pro se, filed this fee-paid employment action against Megan J. Brennan, Postmaster General of the United States Postal Service ("Defendant"). [ECF No. 1]. This matter comes before the court on Defendant's motion to dismiss, or in the alternative for summary judgment. [ECF No. 34]. Plaintiff having responded to the motion [ECF No. 39], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendant's motion to dismiss.

I.      Factual and Procedural Background

Plaintiff stated the following in the "Statement of the Claim" portion of her complaint: "I was removed from my job November 24, 2012, until May 4[,] 2013 illegally. After union process and contacting an attorney I got my job back without back

pay. I got my job back but endured tremendous hardship. Management had no evidence I did anything wrong." [ECF No. 1 at 3].

To ensure subject matter jurisdiction over Plaintiff's claims, the court issued Plaintiff special interrogatories related to exhaustion of her administrative remedies. [ECF No. 20]. Plaintiff responded to the interrogatories and attached the dismissal of her complaint by the Equal Employment Opportunity Commission ("EEOC"). [ECF No. 23].[1] According to the EEOC dismissal, Plaintiff alleged discrimination based on race (white), color (white), religion (Baptist), sex (female), age (almost 50), and national origin (American). [ECF No. 23-1 at 1]. As relevant to the instant complaint,[2] Plaintiff alleged the following discriminatory acts: (1) she was issued a notice of removal on October 1, 2012, and (2) she was placed on leave without pay ("LWOP") on November 24, 2010. *Id*. The dismissal notes that Plaintiff requested pre-complaint processing on May 30, 2013. *Id*. Plaintiff's EEOC complaint was dismissed as untimely because she did not initiate contact with an EEO counselor within 45 days of her claims of discrimination based on her notice of removal and placement on LWOP. [ECF No. 23-

---

[1] Because the EEO process is referred to in the complaint, consideration of the dismissal does not convert the motion into one for summary judgment. *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America*, 18 F.3d 1161, 1164 (4th Cir. 1994) (holding that the district court did not err in considering, in connection with a Rule 12(b)(6) motion, a document referred to in the plaintiff's complaint to justify a cause of action).

[2] The EEOC dismissal also states that she was called into the office for a pre-disciplinary interview as retaliation for filing the EEO complaint. That claim does not appear to be related to her claim for back pay in the instant complaint.

1 at 2–3]. Specifically, Plaintiff initiated contact with the EEOC 241 days after the notice of removal and 187 days after being placed on LWOP.

According to the dismissal, on April 16, 2013, Defendant and the union entered into a settlement agreement that reduced Plaintiff's notice of removal to a long-term suspension without pay. *Id*. at 4. The dismissal notes that Plaintiff indicated in her EEOC complaint that she was filing as a last resort to obtain her back pay. *Id*.

The dismissal also stated: "In lieu of filing an appeal with the Equal Employment Opportunity Commission, you may file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of this decision." *Id*. at 7 (emphasis in original). The dismissal is dated August 20, 2013. *Id*. Plaintiff states in her answers to the court's interrogatories that she received the EEOC decision in August 2013. [ECF No. 23]. Plaintiff filed her complaint in this court eight months later, on April 30, 2014. [ECF No. 1].

II.   Discussion

   A.   Standards on Motion to Dismiss

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the court lacks subject-matter jurisdiction. A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).  Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

 B. Analysis

Defendant argues that Plaintiff's Title VII claims are barred because she failed to contact an EEOC officer within 45 days of the alleged adverse action. [ECF No. 34-1 at 2–4]. Plaintiff was on LWOP status beginning November 24, 2014, but did not contact the EEOC until May 30, 2015.

Title VII creates a right of action for employees alleging "discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–16(a). Federal employees alleging discrimination "must, however, exhaust their administrative remedies before exercising this right." *Laber v. Harvey*, 438 F.3d 404, 415 (4th Cir. 2006). A federal employee does so by first contacting an EEO counselor "within 45 days of the

date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). If, after meeting with a counselor, the employee wishes to continue with the complaint process, she must file a formal complaint, which the agency must investigate. 29 C.F.R. §§ 1614.106, 1614.108. Untimeliness of an administrative charge or a complaint in federal court does not deprive the federal court of subject matter jurisdiction; rather, these deadlines, like a statute of limitations, are subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Laber*, 438 F.3d at 429 n. 25.

Plaintiff argues that she "was unaware of the Equal Employment Opportunity process at the time and was confident that she would get her job back along with back pay through the grievance process." [ECF No. 39 at 2]. The pendency of the internal appeal does not toll the running of the limitations period. *Del. State Coll. v. Ricks*, 449 U.S. 250, 261–62 (1980) (finding time initial tenure decision was made and communicated triggered commencement of limitation period despite pendency of grievance procedure and rejecting date of notification of denial of grievance as trigger); *Int'l Union of Elec. Workers, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 230–31 (1976) (noting the existence and utilization of grievance procedures does not toll the running of the limitations period that would otherwise begin on the date the allegedly discriminatory act took place); *see also Young v. National Center for Health Services Research*, 828 F.2d 235, 237 (4th Cir. 1987) ("It is [] settled that the applicable administrative deadlines run from the time of the discriminatory act, not from the time of a later, inevitable consequence of that act."). Therefore, Plaintiff's 45-day deadline for

contacting the EEOC was not tolled by the union grievance procedure. Plaintiff has not shown she is otherwise entitled to equitable tolling.[3] Because she failed to timely exhaust her discrimination claims, Plaintiff's complaint should be dismissed.

Defendant also argues that this court does not have subject matter jurisdiction over any claim arising from the union process. [ECF No. 34-1 at 5]. Plaintiff's complaint and her response do not appear to state a claim related to the union process or an alleged breach of the union's duty to provide fair representation. [ECF No. 1, 39]. Although Plaintiff complains that she was not provided back pay through the union grievance policy, she blames only Defendant for general wrongdoing and makes no allegations or arguments related to the union. *Id*. Because the undersigned cannot discern a claim related to the union, no such claim is addressed herein.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendant's motion to dismiss be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 15, 2015                                    Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] The undersigned also notes that Plaintiff did not file this action within 90 days of receiving the EEOC decision, and neither party indicates that she appealed the decision.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).