IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| LAURA K. ADDISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:14-cv-1732-TLW |
| | ) |
| MEGAN J. BRENNAN, Postmaster | ) |
| General, United States Postal Service, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**ORDER**

Plaintiff Laura K. Addison filed this pro se action against Defendant Megan J. Brennan, Postmaster General of the United State Postal Service, on April 30, 2014.[1] (Doc. #1). Defendant filed a motion to dismiss or, in the alternative, motion for summary judgment on December 17, 2014. (Doc. #34). Plaintiff filed a response in opposition on January 22, 2015. (Doc. #39).

This matter is now before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court grant Defendant's motion to dismiss. (Doc. #46). Plaintiff filed timely objections to the Report on May 29, 2015 (Doc. #48), and this matter is now ripe for disposition.

In conducting this review, the Court applies the following standard:

---

[1] Title VII limits employment discrimination actions such as this to the head of the department or agency, providing that a complainant "may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). Thus, in any suit alleging employment discrimination by federal personnel, the only proper defendant is the head of the agency, in this case, the Postmaster General. See Gardner v. Gartman, 880 F.2d 797 (4th Cir. 1989).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report and Plaintiff's objections thereto in accordance with this standard, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law. Accordingly, it is hereby **ORDERED** that the Report and Recommendation is **ACCEPTED** (Doc. #46), and Plaintiff's objections thereto are **OVERRULED** (Doc. #48). For the reasons articulated by the Magistrate Judge, Defendant's motion to dismiss is **GRANTED**. (Doc. #34).

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

June 5, 2015
Columbia, South Carolina